Mr. justice Natl
delivered the opinion of the court.
It is unnecessary to notice all the grounds made in' this case for a hew trial in the form in which they are present - ed in the brief. They are in substance as follows :
1st. That the defendant had a right "to “require the same proof in this action'as was required in the action of reple-vin against the principal; to wit, that he was a tenant of the City Council at the yearly rent of $ 700.
- 2cl. As there is no act of the legislature authorizing re-plevin bonds'to be assigned, the action could 'not be brought in the name of the City Council!
3d. The return of the Retorr\o habendo cumji.fa. was not regularly made, or rather, that there was no return.
4th. The goods distrained and replevied had not been regularly appraised according to the act of the legislature.
The first ground is not. supported by any authority. The question whether Barron was tenant and in arrear for rent due the City Council, were trieyl in the action of replevin, and the judgment in that case was conclusive in ilfis. The hail to an action might as well require the *301 plaintiff to shew that the debt for which he had recovered judgment against the principal was just, as the security to the replevin bond require the landlord to retry the question whether there was any rent in' arrear, in an actiqp on the bond.
The second is a question of more importance.
At common law no chose in action was assignable. But that was on the mistaken notion that it was maintenance. That idea however has long ago been exploded, and courts of law have for many years respected the rights of assignees of bonds. But under the old maxim, that they were not negotiable, the assignment has been considered only in the nature of a power of attorney, authorising the assignee to make use of the name of the obligee for the recovery of the money, and not to sue in his own name. But that is a mere matter of form, which, since the .reason has ceased to exist, has constantly been giving way to a more correct view of the subject, until bonds of almost every description have become assignable, and the assignees allowed to bring actions in their own names. By the Statute, 4 Ann, ch. G, bail bonds, and by the Statute 11, George 2d, ch. 19, replevin bonds are permitted, and may be required to be.assigned.
By the Act of Assembly of this State, 1798, the assignees of all bonds for the payment of money are permitted to bring actions in their own names. The same privilege, is allowed by other acts of the Legislature in other case:; of assigned bonds. |n the case of Peck and Glover, the court held, that the assignee of a bond given to keep th$ prison bounds under the act of 1788, by a person arrested on mesne process, could not maintain an action in his'own name. (1 Nott & McCord, 582.) But that was a bond given for the indemnity of the sheriff, in which the party had no interest. This is a bond given exclusively for thq benefit of the party. The condition of it is, that if he fail fo prosecute his replevin to effect, he shall return the goods, and if they arc insufficient to pay the rent, he will pay the same, together with all coMc, fire, Tt is intended to enure *302 to the benefit of the landlord. Every reason, therefore, which can be assigned for permitting the assignee of any other bond to sue in his own name, operates with full force in favor of this. The only obstacle then is a mere tech-meal rule of law unsupported by reason, and which, at most, goes only to the form of the action. And the question is, whether we can, in furtherance of justice, get over that mere matter of iorm ? I am willing to admit that the forms of law constitute so much of the law itself that we ought to be cautious how we depart from them. But whatever might have been the common law with regard to replevin, it has undergone so many alterations by various Statutes in England, that it may now be considered almost as a statutary process. And although I am not aware that any of those Statutes have been directly made of force in this state, except the Statutes 2, William £s? Alary, ch. 5, and 8 Ann, ch. 14; yet I believe that with the exception of the Statute 11, George 2, ch, 19, they have all been adopted in practice. I say with the exception of the Statute of George, the 2d, if indeed that is an exception. (Solomon vs. Harvey and Briggs, 1 Nott & McCord, 81.) But I am disposed to think that the practice of assigning replevin bonds in this state has arisen under that statute, judge Grhnke, in his Justice of the Peace, 165, says, “ It is the usual custom of this country to grant a replevin, although there is no law in force directing the same to be granted in case-of distress : and the sheriff.usually conducts himself in the same manner as the sheriff is directed by 11, George 2d, ch. 15; which, however, is not of force here.” And after pointing out the method of proceeding, be concludes with saying, “ the sheriff shall assign such bond to the avowant, or person making conusance;” which appears to be direct authority for the practice for more than thirty years. If it had its origin under the act of assembly of 1798, it ought now to be considered as evidence of the cotemporaneous construction of that act, in relation to such bonds. But whatever may have been its origin, it appears to have been of long standing, and to be uni ver ■ *303 sal in practice. And although I cannot learn that there has ever been any direct decision on the point, yet it appears to have been tacitly acquiesced in by our courts.— (Graves ads. Belser, 1 Nott & McCord, 125.) If it were now for the first time attempted to be introduced, or if it went to invade any radical principle of common or Statute law, I should be of opinion that it ought not to be allowed. But I think a practice which has so long prevailed, and one which relates alone to the form of proceeding, and that calculated to promote the ends of justice ought now to be supported.
The question made in the third ground, has been settled in llie case of Graves ads. Belser. (1 Nott & McCord, 125.) The two cases are precisely alike, with the exception in favor of this case, that the return was sworn to by the deputy sheriff. It is important that the decisions of this court should be uniform ; the decision in that case must therefore govern this.
The fourth objection has come too late : if it could ever have availed the defendant, it should have been taken in. the trial of the replevin. He is now concluded by the judgment in that case.
I would-further observe, in answer to all the objections that none of them were taken at an early stage of the proceeding. It was not until the party had availed himself of all the delay to which the whole progress of the cause could entitle him, and after the testimony was closed, that he made an objection. And then in the argument to tbe jury, these exceptions were taken. The court is never much disposed to turn a party round at that stage of a cause, where substantial justice appears to be done, upon grounds which do not go to its merits.
The motion is refused.
.Justices Johnson-, Huscer, Gantt, and Colcoc/t, concur red.